# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1997 SESSION



**FILED**

**June 26, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9707-CC-00264 |
| Appellee, | ) | |
| | ) | McNAIRY COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY |
| | ) | BLACKWOOD, |
| LILLY FRAN BAKER, | ) | JUDGE |
| (A.K.A. LILLIE F. HOLLOWAY), | ) | |
| | ) | |
| Appellant. | ) | (DUI, 3d Offense) |

**FOR THE APPELLANT:**

**LLOYD R. TATUM**
124 E. Main Street
P.O. Box 293
Henderson, TN 38340

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**ED NEAL McDANIEL**
Assistant District Attorney General
300 Industrial Park Drive
P.O. Box 473
Selmer, TN 38375-0473

**OPINION FILED:** _____

**AFFIRMED**

**JERRY L. SMITH,**
**JUDGE**

# OPINION

The defendant, Lilly Fran Baker, appeals a jury conviction for driving under the influence of an intoxicant, third offense. She was sentenced to eleven (11) months and twenty-nine (29) days, all but 120 days suspended, and fined $10,000. On appeal, the defendant raises the following issues for review:

> (1) whether the evidence was sufficient for the jury to find her guilty beyond a reasonable doubt;
>
> (2) whether the trial court erred in failing to declare a mistrial after mistakenly informing the jury that the defendant was also charged with driving while revoked and violating the implied consent law; and
>
> (3) whether the trial court's instructions erroneously allowed the jury to consider intoxicants in addition to alcohol.

The judgment of the trial court is affirmed.

# FACTS

Patrol Sergeant R.C. Pipkins of the Selmer Police Department testified that he observed a pickup truck driven by the defendant make an improper turn. The officer began following the defendant and noticed the vehicle "drifting" and cross onto the shoulder. After a distance of approximately one-half (½) mile, the officer activated his lights and the defendant pulled over.

Sergeant Pipkins asked the defendant to exit the truck and meet him between their vehicles. The officer testified that the defendant appeared unsteady on her feet. Sergeant Pipkins also testified that he smelled an odor of alcohol on the defendant's breath, and her speech was slurred. The defendant informed the officer that she had lupus and was on medication, but did not indicate that this would affect her ability to drive a motor vehicle or perform field sobriety tests.

Sergeant Pipkins administered three (3) field sobriety tests to the defendant. The defendant performed the "one leg stand," the "walk and turn," and the "finger to nose" tests. The officer testified the defendant passed the "one leg stand" test, but failed the other two. The defendant failed the "walk and turn" test by failing to touch the heel of her shoe to the toe of the other shoe, stepping off of the line, raising her arms, and making an improper turn. She performed the "finger to nose" test unsatisfactorily by not following instructions and by failing to touch her nose on any of the six (6) attempts to do so. After the field sobriety tests were completed, the officer was of the opinion that the defendant was under the influence of an intoxicant.

After the defendant was arrested, Sergeant Pipkins found in the truck the following: four (4) full, one (1) empty, and one (1) half-empty, 12 ounce cans of Natural Light beer; two (2) full and one (1) half-empty 16 ounce cans of Budweiser beer; and one (1) empty can of Busch beer. The defendant's boyfriend was a passenger in the vehicle.

Subsequent to his search of the vehicle, the officer requested that the defendant submit to a chemical test to determine the content of alcohol or drugs in her blood. The defendant refused to submit to the test.

At her trial, the defendant testified that she had consumed only one (1) beer and a part of another at the time she was arrested. She denied being under the influence. The defendant also presented testimony from a witness who stated he observed the defendant approximately two (2) hours before her arrest, and she did not appear to be under the influence of alcohol at that time.

3

## SUFFICIENCY OF THE EVIDENCE

The defendant contends that no rational trier of fact, after weighing the evidence presented at her trial, could conclude beyond a reasonable doubt that she was driving under the influence of an intoxicant.  In Tennessee, great weight is given to the result reached by the jury in a criminal trial.  A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).  On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal.  State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).  The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt.  Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact.  State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

Sergeant Pipkins testified that he observed the defendant make an improper turn and deviate from the roadway.  He further testified that the defendant had a strong smell of alcohol on her person, was unsteady on her feet, had slurred speech and was unable to satisfactorily perform two (2) of the

4

three (3) field sobriety tests administered. The jury also heard testimony from the officer that the defendant appeared to be under the influence of an intoxicant. When viewed in a light most favorable to the state, there is sufficient evidence in the record for the jury to have rendered a guilty verdict. This issue is without merit.

## MISTRIAL

The defendant's second assignment of error is that the trial court abused its discretion in overruling her motion for a mistrial. The defendant moved for a mistrial at the conclusion of the trial court's *voir dire* examination of the jury pool. While informing the jury as to the issues they would be deciding, the trial court mistakenly included the revoked license and implied consent charges which, although in the same indictment, had been severed for the jury trial. The defendant contends the mention of the other charges might have caused the jury to infer she had previously been convicted of driving under the influence, thereby unfairly prejudicing her.

No contemporaneous objection was made at the time the trial court relayed this information to the jury. An objection was made out of the presence of the jury after the trial court completed its initial *voir dire* of the jury. The trial court acknowledged its mistake and gave the following curative instruction to the prospective jurors:

> Ladies and gentlemen, the Court may have mentioned --- The charge here today is Driving Under the Influence of an Intoxicant. The Court was in error in any other charges that the Court may have explained to you. But the only charge you'll be dealing with here today is Driving Under the Influence of an Intoxicant.

The determination of whether to grant a mistrial rests within the sound discretion of the trial court. State v. Smith, 871 S.W.2d 667, 672 (Tenn. 1994). The reviewing court should not overturn that decision absent an abuse of

5

discretion. State v. Hall, 947 S.W.2d 181, 184 (Tenn. Crim. App. 1997). The burden of establishing the necessity for mistrial lies with the party seeking it. State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). In making this determination, no abstract formula should be mechanically applied, and all circumstances should be taken into account. State v. Mounce, 859 S.W.2d 319, 322 (Tenn. 1993).

The trial court gave a curative instruction to the jury concerning the charges. The jury, absent evidence to the contrary, is presumed to have followed the trial court's curative instructions. State v. Smith, 893 S.W.2d 908, 914 (Tenn. 1994); State v. Williams, 929 S.W.2d at 388. The defendant's contention that she might have been prejudiced is not sufficient to overcome the presumption. This issue is without merit.

## JURY INSTRUCTIONS

Finally, the defendant claims the trial court's instruction on driving under the influence of an intoxicant was prejudicial in that it included all intoxicants, yet the state previously "elected" to prove alcohol as the means of the defendant's intoxication. The "election" was made by the state at the defendant's request at the conclusion of the state's proof. Subsequently, the trial court's jury charge was as follows:

> Any person who commits the offense of driving under the influence of an intoxicant is guilty of a crime. For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following elements. That the defendant was driving an automobile or motor driven vehicle and that this act occurred on a public road or highway or a public street or alley, and that the defendant was under the influence of an intoxicant. The expression "under the influence of an intoxicant" covers not only -- covers not only all the well-known and easily recognized conditions and degrees of intoxication, but also any mental or physical condition which is the result of taking intoxicants, in any form, and which deprives one of that clearness of mind and control of herself which she would otherwise possess.

6

The defendant contends this instruction casts doubt on whether the jury's verdict was unanimous as to the type of intoxicant. The defendant complains the wording of the instruction could have led some jurors to convict her of being under the influence of an intoxicant other than alcohol.

One of the leading cases in this state on the doctrine of election is Burlison v. State, 501 S.W.2d 801 (Tenn. 1973). In that case, after the state introduced proof of numerous incidents of sexual abuse over a period of time, the Tennessee Supreme Court held the state was required to "elect" the particular offense upon which it was seeking a conviction. Burlison, 501 S.W.2d at 804. One of the reasons for requiring an election in that case was to ensure the unanimity of the jury's verdict, avoiding a situation where one juror convicted for one occurrence and other jurors for another occurrence. Id. at 803. More recently, our Supreme Court has ruled that the state must make an election "when it is pursuing convictions for discrete crimes and proof of additional discrete crimes has been introduced at trial." State v. Hoxie, ____ S.W.2d___,___ (Tenn. 1998).

The doctrine of election does not apply to a single offense of driving under the influence. See State v. Ernest Seibers, C.C.A. No. 89-20-III, White County (Tenn. Crim. App. filed June 29, 1989, at Nashville). The defendant was charged with only one offense of driving under the influence. The proof showed only one offense. Therefore, the state was not required to elect a particular type of intoxicant.

Regardless, the state only relied upon alcohol to have caused the defendant's impairment. The defendant was not prejudiced by the use of the word "intoxicant" instead of the word "alcohol" in the jury charge. See Tenn. R. App. P. 36(b). This issue is without merit.

7

The judgment of the trial court is AFFIRMED.

8

_____
**JERRY L. SMITH, JUDGE**


**CONCUR:**


_____
**JOE B. JONES, JUDGE**


_____
**CURWOOD WITT, JUDGE**

8